**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Suchart CHANYA, Defendant-Appellant.**

**No. 83–1422.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1984.

Certiorari Denied April 16, 1984. See 104 S.Ct. 1925.

Richard L. Bourland, Fort Worth, Tex., for defendant-appellant.

Ronald C.H. Eddins, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Once again we consider the appeal of Suchart Chanya, convicted of importing, 21 U.S.C. §§ 952(a), 960, and possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1). We reversed the earlier conviction and remanded for a new trial because the district court inquired about the numerical division of the jury before giving the *Allen* charge. *United States v. Chanya,* 700 F.2d 192 (5th Cir.1983). In this appeal Chanya assigns error to certain evidentiary rulings, and contends that the application of the hearsay rule in this case denied him the due process rights identified in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Concluding that the evidentiary rulings were within the trial court's range of discretion and that *Chambers v. Mississippi* is not applicable, we affirm.

### Facts

In late May 1980, Chanya and Konendej Pajonaripai (Mr. P.) arrived at the Dallas-Fort Worth airport on a flight originating in Bangkok, Thailand. Customs agents arrested both men after discovering heroin concealed in their baggage. When arrested, Mr. P. made statements to the customs agents which both incriminated and exculpated Chanya. Both were indicted. Mr. P. pleaded guilty and testified against Chanya at the first trial.

At the first trial the prosecution sought to question the agents about the inculpatory statements. The trial judge ruled that the government could ask the agent about Mr. P.'s comments that the heroin belonged to Chanya only if the prosecutor agreed to put Mr. P. on the stand. This was done, Mr. P. testified and evidence about the statements was developed. On the prior appeal we stated: "There was no error in the district court's ruling under the circumstances." 700 F.2d at 195.

At the retrial, the defense wanted to question the agents solely about the exculpatory statements. It appears that Mr. P. also said, when arrested, that the heroin did not belong to Chanya and that Chanya was unaware of its presence in his luggage. The trial judge even-handedly repeated the ruling made at the first trial, declaring that the defense would be allowed to question the agents about Mr. P.'s statements only if Mr. P. relevantly testified. Mr. P. was present at trial and available to testify but he was not called by either party. His earlier statements were accordingly excluded as hearsay. Chanya objected and assigned error. We find none. On the first appeal we specifically upheld the trial court's refusal to allow the hearsay evidence when offered by the government since Mr. P. was readily available. We now uphold the refusal to allow the defense to offer same. The knowledge possessed by Mr. P. is best elicited from Mr. P. The decision whether to allow his earlier statements in evidence, after he testified, would necessarily depend on Mr. P.'s testimony at trial. We again find no error in the district court's ruling under the circumstances.

Chanya also complains that the trial court erred in not allowing the impeachment of one of the agents, Ross Pfeiffer, who had testified about the exculpatory statements at the first trial but could not

recall them at the second. Defense counsel wished to test Pfeiffer's testimony by underscoring his present failure of recollection of the statements made by Mr. P. The trial judge would not allow this cross-examination. Counsel's argument here is ingenious but unpersuasive. Pfeiffer testified about the chain of custody of the heroin and related matters. His testimony on direct did not relate to any inculpatory or exculpatory comments by Mr. P. The trial court did not err in refusing to allow cross-examination for impeachment purposes on a matter which was neither related to Pfeiffer's direct testimony nor of a kind regularly accepted for impeachment. Under the trial court's earlier ruling, Pfeiffer could not have been asked about Mr. P.'s statements unless Mr. P. testified. Accordingly, if Pfeiffer remembered the statements he would not have been allowed to give testimony about them. It would be an anomaly nigh onto absurdity to exclude the hearsay if Pfeiffer recalled it but allow it because he had forgotten it.

■ Finally, Chanya invokes *Chambers v. Mississippi,* in which the Supreme Court held that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." 410 U.S. at 302, 93 S.Ct. at 1049. We find *Chambers* inapplicable. In *Chambers,* the operation of the Mississippi voucher rule and the hearsay rule prevented the defendant from introducing evidence of multiple admissions of guilt by a third party. In the present case, Chanya could have developed the exculpatory evidence by calling Mr. P. as a witness. If Mr. P. refuted the statements or failed to recall them his prior testimony and the testimony of the agents could have been introduced. Chanya opted not to offer the challenged testimony in an acceptable manner. Having done so, he may not draw surcease from *Chambers.*

AFFIRMED.