George L. GLENN, Appellant,

v.

UNITED STATES of America.

No. 13720.

United States Court of Appeals
Sixth Circuit.

Nov. 25, 1959.

Donald H. Swain, Cincinnati, Ohio, for appellant.

Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., R. Hunter Cagle, U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before McALLISTER, Chief Judge, and MILLER and WEICK, Circuit Judges.

WEICK, Circuit Judge.

Appellant, George L. Glenn and one Clay Benjamin Stampley were tried and convicted by a jury in the District Court on a two count indictment charging them (First Count) with transferring 2559 grains of marijuana to Agent William B. Davis for $100.00, not pursuant to a written order form, and (Second Count) with acquiring the marijuana without payment of the required transfer tax in violation of Title 26, Sections 4742 (a) and 4744(a), respectively, United States Code.

Both defendants were sentenced to imprisonment but only Glenn appealed.

Both here and in the District Court Glenn was represented by counsel assigned by the Court.

While two errors have been assigned in this Court, we need only consider the first one, which questioned the sufficiency of the evidence to support the conviction, as it is dispositive of the case.

The evidence disclosed that Stampley made the transfer and sale of the marijuana to Agent Davis. It was the theory of the Government that Glenn was an aider and abettor and, therefore, liable as a principal under Title 18, § 2, United States Code.

Agent Davis testified as to conversations he had with Stampley on February 10, 1957, in the absence of Glenn, while riding around Nashville, Tennessee, in Stampley's automobile. Arrangements were made for Davis to purchase marijuana from Stampley. Stampley said he expected the marijuana to be delivered in Nashville the following Tuesday (February 12th) about 2:00 a. m. and asked Davis to call him at that time.

Davis called Stampley on the telephone around midnight on February 11th, asked him about the marijuana, and was advised that there would be a twenty-four hour delay in the delivery into Nashville. He was told to call again around midnight on February 12th.

Around midnight on February 12th Davis telephoned Stampley who "told me [Davis] that the person he had sent to Chicago to get the marijuana was expected to arrive in Nashville by train around 1:40 a. m., indicating the next day, February 13th. He asked me to call him back later."

Davis did not call him back. He testified that on February 13th at about 2:20 a. m. while standing at 18th & Jefferson Streets in Nashville, he saw Stampley drive his automobile on Jefferson from the direction of 18th Street west toward 28th Street. Two other persons, whom Davis was unable to identify, were

in Stampley's car. A few minutes later Davis saw Stampley driving east on Jefferson and identified Glenn as a passenger in Stampley's car.

Davis whistled and gestured with his hand and Stampley stopped his car and pulled in a Gulf Service Station across the street from where Davis stood. Stampley got out of his car, crossed the street, and told Davis "my man just got in." He instructed Davis to meet him at 28th & Jefferson Streets.

Davis testified that Stampley then left with Glenn in his automobile and around 3:00 a. m. Stampley returned alone and delivered the marijuana and collected the balance of the purchase price.

Agents Hayes and Anderson testified that on February 13th they watched the Union Station in Nashville and saw Stampley drive in two different times; that he met the Chicago train at 2:00 a. m.; that Glenn got off the train, met Stampley and they drove away in Stampley's automobile.

■ Had counsel for Glenn objected to the conversations between Agent Davis and Stampley, none of which were in Glenn's presence, the Court would have been required to instruct the jury that they were admissible only against Stampley and not against Glenn. Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278. Furthermore, Glenn was entitled to have the jury instructed that this testimony should not be considered as evidence against him. Hendrey v. United States, 6 Cir., 1916, 233 F. 5. His assigned counsel made no request of the Court for such an instruction and the Court did not charge on the subject.

■ Without the conversations, the only evidence against Glenn was that Stampley met him at the railroad station and that Glenn was a passenger in Stampley's automobile. Glenn was not present on the occasion when Stampley sold and transferred the marijuana to Agent Davis. This evidence was insufficient to establish that Glenn participated

in the transfer and sale or aided and abetted therein. Cf. United States v. De Fillo, 2 Cir., 1958, 257 F.2d 835, 838.

The mere presence of the accused at the scene of a crime does not, of itself, justify drawing an inference that he participated therein. Cf. United States v. Di Re, 1948, 332 U.S. 581, 593, 68 S.Ct. 222, 92 L.Ed. 210; Hicks v. United States, 1893, 150 U.S. 442, 451, 14 S.Ct. 144, 37 L.Ed. 1137. Here Glenn was not even present at the time of the transfer and sale. The fact that he was met at the train and rode in Stampley's automobile prior to the sale does not make him guilty of the offense charged.

Ordinarily, where no objection is taken to the reception of hearsay testimony it may properly be considered, and given its natural probative effect as if it were in law admissible. Diaz v. United States, 1912, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500; Petro v. United States, 6 Cir., 1954, 210 F.2d 49; United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583.

However, in a case where plain error has been committed affecting substantial rights of the accused in a criminal case an appellate court may take notice on its own motion of such error. Johnson v. United States, 1943, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704; United States v. Atkinson, 1936, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555; Brasfield v. United States, 1926, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345; Clyatt v. United States, 1905, 197 U.S. 207, 222, 25 S.Ct. 429, 49 L.Ed. 726; Wiborg v. United States, 1896, 163 U.S. 632, 658, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; Smith v. United States, 6 Cir., 1956, 230 F.2d 935, 939; Schmeller v. United States, 6 Cir., 1944, 143 F.2d 544.

In this case, where the evidence would have been insufficient to sustain appellant's conviction had the improper testimony been excluded, this Court would be remiss in its duty to see that fundamental justice is done if it failed to note the plain error inherent in the proceedings below.

The judgment of conviction is reversed and the cause remanded to the District Court for further proceedings.