John Richard BURRUP and Jay Melvin Burrup, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 8507, 8508.

United States Court of Appeals Tenth Circuit.

Jan. 13, 1967.

Rehearing Denied Feb. 20, 1967.

---

William Erickson, Denver, Colo. (Hindry, Erickson & Meyer, Denver, Colo., and Hickey, Rooney & Walton, Cheyenne, Wyo., with him on brief), for appellants.

Leroy V. Amen, Cheyenne, Wyo. (Robert N. Chaffin, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and PICKETT, Circuit Judges.

MURRAH, Chief Judge.

In this criminal appeal the appellants complain for the first time of the trial court's so-called "Allen" instruction to the jury. In the tenor and context in which it was given we do not think the charge was improper. Complaint is also made of the supplemental instructions on fraud, conspiracy and circumstantial evidence. We find no fault with the propriety or correctness of these instructions, and we affirm the judgment.

█ The pertinent facts are that about four hours after submission,[1] the court voluntarily recalled the jury, and after cautioning them not to disclose how they stood on guilt or innocence, observed they were apparently having a "little difficulty reaching an agreement". The judge then proceeded to give a mild version of the so-called Allen charge, prefaced by the admonition that "The verdict to which a juror agrees must, of course, be his own verdict, the result of his own convictions, not a mere acquiescence in the conclusions of his fellows." At the conclusion of the charge, the foreman of the jury was asked if there were any instructions the jury did not particularly understand. When he answered affirmatively, the jury was told to retire and write out the instructions they wished to have explained. The jury returned with the written request for definitions on fraud, conspiracy and circumstantial evidence. The judge then proceeded to responsively reinstruct on each of these subjects. When the jury was asked if "these instructions help you any", the foreman answered affirmatively, and the court inquired whether they wanted all of the other instructions read by the reporter.

---

1. The indictment contained eleven counts, ten charging violations of the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C. § 77q(a), and the other charging a conspiracy to violate the provisions of the same Act.

The foreman answered negatively. After some further instructions concerning the form of the verdict, the jury returned to its deliberations. Out of the presence of the jury the court inquired if there were any objections or suggestions, and counsel for appellants objected to the giving of " * * * the extra instructions for the reason that, taken out of context, without considering the rest of the instructions, it may be that they did not fully and properly explain the elements of conspiracy or of what fraud is and circumstantial evidence. And I particularly direct attention to the fact that the very last instruction of the Court with reference to circumstantial evidence given originally to the jury was not now given to them, just for the record, so we will have it." No objection was made to the Allen instruction, but since it affects the judge-jury relationship and " * * * cannot be effectively remedied by modification of the judge's charge after the harm has been done", we will take note of it here. Berger v. United States, 10 Cir., 62 F.2d 438, quoting from Brasfield v. United States, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345; and see Burroughs v. United States, 10 Cir., 365 F.2d 431.

■ Appellants freely concede this court's repeated approval of the Allen instruction to an apparently deadlocked jury, provided the jury is given to understand they are not required to give up their conscientiously held convictions. And see Jenkins v. U. S., 380 U.S. 145, 85 S.Ct. 1059, 13 L.Ed.2d 957. But, the contention here is that since the instruction was given before the jury had a reasonable opportunity to deliberate or disagree, it was coercive. We have expressed the view that an instruction of this kind is less likely to be coercive if given before the jury has indicated its inability to agree on a verdict; that in this posture of the jury's deliberations, it is intended and has the effect of inducing the jury to reason together toward a collective judgment. See Carter v. United States, 10 Cir., 333 F.2d 354; Elbel v. United States,

10 Cir., 364 F.2d 127. We have only recently re-emphasized the " * * * function of the judge to admonish the jury that they should deliberate together in an atmosphere of mutual deference and respect giving due consideration to the views of the others in the knowledge that in the end their verdict must reflect the composite views of all." And, we have suggested that "An admonitory statement in this tenor given before the jury retires to deliberate would be more appropriately influential and far less vulnerable to the charge of coercion." Burroughs v. United States, supra.

■ Viewed in the context in which the jury was recalled and reinstructed, it is apparent that the judge was apprehensive concerning whether the jury fully understood the legalistic instructions of the law applicable to the case. Indeed, his apprehension was justified by the jury's response to his inquiry.

In Berger v. United States, supra, we held it reversible error to give an Allen charge without again calling " * * * the jury's attention to the presumption of innocence, the burden of proof, and the requirement that guilt must be established beyond a reasonable doubt * * * " and without stating " * * * the duty of each juror to perform his duty honestly and conscientiously according to the law and the evidence, and not to surrender his conscientious convictions." Id. 62 F.2d 440. The trial judge did not re-emphasize the presumption of innocence and the burden of proof beyond a reasonable doubt, and we have not taken notice of the failure to so instruct in subsequent cases. We do readily agree, however, that these fundamental precepts should always be kept in the forefront of the jury's mind and that the judge cannot be too careful to remind the jury of these prerequisites to full and fair consideration of the guilt or innocence of an accused. But, in the circumstances of this case we do not think it was error to fail to reiterate what the court had already made manifestly plain in its original instructions.

Inasmuch as the court's supplemental instructions on fraud, conspiracy and circumstantial evidence were given in response to the jury's specific inquiry and for the purpose of clarifying legalistic terms to a lay jury, no valid complaint can be made of their propriety. It is not suggested in what respect they were incorrect statements of the law. Indeed, we have examined them with care and find them to be commendably clear and succinct.

The judgment is affirmed.

ORIE L. PHILLIPS, Circuit Judge (concurring):

My concurrence is in the result only, for the reasons I shall undertake to state.

The majority opinion contains expressions to the effect that an instruction phrased substantially like the so-called Allen instruction, given either before the case is submitted to the jury, or before the jury has indicated its inability to agree on a verdict, is less coercive than such an instruction would be if given after the jury has so indicated. I accept that statement as settled law in this circuit.

However, it is my opinion that the so-called Allen instruction should not be given, except and until there has been an indication that the jury is finding it difficult to agree on a verdict, and then only when the court believes the existing circumstances warrant the giving of such instruction.

I know from trial court experience that the Allen instruction, when given, usually induces quick agreement on a verdict by the jury. However its language may be safeguarded to leave each juror free to exercise his independent judgment, there will be instances when it will cause a juror to surrender unwillingly his sincere and deliberately arrived at convictions of what the verdict should be, and thus defeat the purpose of the constitutional requirement of a unanimous verdict in federal trial courts. Therein lies its danger.

Hence it is my opinion that the instruction should be used sparingly by the trial judge and only after there has been an indication that the jury is finding it difficult to agree, and where the judge in the exercise of a sound discretion believes the circumstances warrant the giving of such an instruction.

Accordingly, it is my view that such an instruction should not be given, either before the case has been submitted to the jury or before there has been an indication that the jury is finding it difficult to agree, in contemplation that a situation may develop where it would be appropriate to give it.

But, on the record here presented, while to me the case seems to be close to the border line, I cannot say the trial court could not have concluded the jury was having difficulty in agreeing on a verdict and that the circumstances were such as to warrant the giving of the challenged instruction in the carefully guarded language in which it was couched.