**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Atthapol SAE–CHUA,**
**Defendant/Appellant.**

**No. 83–1134.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1984.

Decided Feb. 9, 1984.

Mervyn Hamburg, Washington, D.C., for plaintiff/appellee.

Michael R. Levine, Federal Public Defender, Honolulu, Hawaii, for defendant/appellant.

Before MERRILL, SKOPIL and FERGUSON, Circuit Judges.

MERRILL, Circuit Judge:

After a jury trial in the United States District Court for the District of Hawaii, appellant Sae-Chua was convicted of importing 3,213 grams of heroin and possessing that heroin with intent to distribute, in violation of 21 U.S.C. §§ 952(a) and 841(a)(1).

On the second day of jury deliberations the Court received a note from the jury foreman [1] which stated that the majority of the jury was in favor of conviction but that one member, while he had expressed the view that the defendant was guilty, still persisted in voting not guilty. The foreman expressed the belief that this was improper behavior and was in doubt as to whether, under the circumstances, the jury should continue deliberating.

The Court had the jury brought into the courtroom and polled the jurors as to whether they believed further deliberations could result in a verdict. All but one of the jurors believed that a verdict could be reached. The Court then gave a modified *Allen* charge [2], over appellant's objections. The jury recessed for lunch and then returned to continue deliberating. After several hours the jury returned a guilty verdict.[3] Appellant assigns the giving of the charge as error.

Instructions admonishing jurors to reconsider their positions have "been consistently approved in the Ninth Circuit when [they are] in a form not more coercive than that in *Allen*." *United States v. Handy*, 454 F.2d 885, 889 (9th Cir.1971).

In a half-dozen respects appellant challenges the substance of the charge given and notes respects in which it departs from the charge approved by the Supreme Court. We need not reach the issues so presented. In our view the giving of any *Allen*-type charge under the circumstances was bound to be coercive.

This court has held, following *Brasfield v. United States*, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926), that the court may not inquire of a jury the nature or extent of its numerical division. *United States v. Noah*, 594 F.2d 1303 (9th Cir.1979); *see United States v. Moore*, 700 F.2d 535 (9th Cir.1983). The rule is a prophylactic one, designed to shield the jury from the unpredictable effects of both the inquiry itself and the jury's knowledge of the judge's awareness of its division. *See Brasfield v. United States*, 272 U.S. 448, 450, 47 S.Ct. 135, 136, 71 L.Ed. 345 (1926). Under some circumstances, mere disclosure to the judge of the nature and extent of the jury's numerical division has been held to be "at least as coercive" as the inquiry itself. *Williams v. United States*, 338 F.2d 530, 532–33 (D.C.Cir.1964) (disclosure of division prior to issuance of *Allen* charge held coercive).

In cases holding that the giving of the charge was not coercive, our Court has frequently laid emphasis on the fact that the judge, in giving the charge, was unaware of the nature or extent of numerical division, concluding from that fact that there was no

---

1. The note read:

    Your Honor, I feel impelled to report to you what I believe to be improper behavior by one member of the jury. This member has now stated that he believed the defendant was guilty before hearing the testimony in evidence. This member also admitted that he would vote with the majority of the balloting. However, this member, while stating that defendant was guilty, the member voted not guilty. Should this trial be considered a mistrial or may we continue deliberating?

2. *See Allen v. United States*, 164 U.S. 492, 501, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896).

3. The record is unclear regarding the exact amount of time the jury deliberated after receipt of the Allen *charge.* It is known, however, that the court recessed at 12:20 p.m. and reconvened at 4:05 p.m. when the verdict was returned.

danger that the minority jurors would believe that the judge was directing his remarks to them rather than to the jury as a whole. *United States v. Foster,* 711 F.2d 871, 884 (9th Cir.1983); *United States v. Hooton,* 662 F.2d 628, 637 (9th Cir.1981); *United States v. Moore,* 653 F.2d 384, 390 (9th Cir.1981); *United States v. Beattie,* 613 F.2d 762, 766 (9th Cir.1980).

■ We note that here the Court had been told by the foreman of the jury that the majority of the jurors favored conviction. From the foreman's note and the polling of the jury, the most rational inference to be drawn was that the eleven who favored continued deliberations constituted the majority favoring conviction and that the one who felt further deliberations would be fruitless was the juror to whom the foreman had referred in his note. The judge then would have been aware not only of the numerical division and the fact that a majority of eleven favored conviction, but of the identity of the sole dissenter. The dissenting juror was aware of the fact that the judge possessed this knowledge. Under these circumstances the charge could only be read by the dissenting juror as being leveled at him. He could hardly escape reasoning that the judge was not likely to believe that he could persuade the opposing eleven to adopt his position—a position the foreman had felt to be improperly taken; and that he, individually, was being urged by the judge to reconsider his vote. We hold that the giving of the charge under these circumstances was coercive and constituted reversible error.

The remaining assignments of error we need not reach. We assume that on new trial the questions either will not arise or will arise in new contexts which could make decision at this time premature.

JUDGMENT REVERSED. THE MATTER IS REMANDED FOR NEW TRIAL.