825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Davis SAVAGE, a/k/a David W. Summers, a/k/a Diamond
Don, a/k/a Double D, Defendant-Appellant.
 No. 86-5681
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1987.
Decided July 24, 1987.
 
 D.S.C.
 AFFIRMED.
 Appeal from the United States District Court for the District of South Carolina, at Charleston, Falcon B. Hawkins, United States District Judge. (CR 86-49)
 John Frank Hardaway, for appellant.
 Joseph Roberts McCrorey, Assistant United States Attorney (Vinton D. Lide, United States Attorney; Robert H. Bickerton, Assistant United States Attorney, on brief), for appellee.
 Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant was convicted by a jury on two counts of drug related offenses. He appealed from the active sentences imposed, contending that the trial judge erred in reinstructing the jury and directing them to resume their deliberations after the jury had informed him that they were hopelessly deadlocked and of their numerical division. We affirm.
 
 
 2
 During the course of his instructions the trial judge told the jury, inter alia,
 
 
 3
 Any verdict must respect the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.
 
 
 4
 It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing, signed by you, Mr. Foreman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you must never state or specify your numerical division at that time.
 
 
 9
 This charge is a nearly verbatim excerpt from the pattern instructions formulated by the judges of the old Fifth Circuit and widely used throughout the country. It differs only slightly from that recommended in other pattern forms. See 2 Devitt & Blackmar, Federal Jury Practice and Instructions Secs. 74.01, 74.08 (3d ed. 1977).
 
 
 10
 After approximately one and one-half hours of deliberations the jury sent a note to the judge reading: 'We are hopelessly deadlocked on the Savage case 10/2 count. Both charges. Foreman, W. M. Fiddie.'[1] After informing the defendants and their counsel of the nature of the note--but not the name of the defendant or the numerical division--Judge Hawkins ordered it sealed until after the verdicts were reached. He then reread that portion of his charge quoted above and directed the jury to retire and resume their deliberations. The jury deliberated for approximately forty-nine minutes before taking an overnight recess. The following morning, after fifteen minutes of deliberations, both defendants were found guilty.
 
 
 11
 Appellant contends that the additional charge was coercive, and he relies on Brasfield v. United States, 272 U.S. 448 (1926) and the dissent in United States v. Sawyers, 423 F.2d 1335 (4th Cir. 1970).
 
 
 12
 This case does not involve a Brasfield type error as the disclosure by the jury here was completely spontaneous and voluntary, whereas that condemned in Brasfield was brought about upon inquiry by the judge. More analogous, but not on 'all fours,' is Sawyers. That case offers no favorable precedent for appellant, however, as a majority held that the trial judge did not err in delivering an 'Allen'[2] charge upon receipt of the message from the jury. Appellant would have us follow the dissent in Sawyers and hold that the action by the trial judge here deprived him of a fair trial. We are both unable and unwilling to do so: unable because Sawyers constitutes binding precedent on this panel; unwilling because we are persuaded that Sawyers was correctly decided. In addition, the position of appellant here is weaker than that of the appellant in Sawyers in at least two particulars: first, whereas in Sawyers the judge gave the jury an Allen charge, the trial judge here only repeated verbatim a portion of his original charge; and, second, in Sawyers the note from the jury contained additional language deemed by the dissent to be important on the issue of coerciveness of the Allen charge.[3] Judge Craven, speaking for the majority in Sawyers, said:
 
 
 13
 A calmly dispassionate balanced effort on the part of a trial judge to induce a verdict does not seem to us to invade the province of the jury. What, after all, is the purpose of the judge's initial charge to the jury? Is it not to induce a verdict based upon the evidence and the law as he has given it to them? Why is the trial judge in the federal system given the power to comment on the evidence, and to place the burden of proof, and to advise the jury that it is their duty to accept the law as he gives it to them, unless it is to help the jury arrive at a true verdict? If the jurors misunderstand the instructions, no one, we think, would seriously suggest that the judge may not subsequently clarify or repeat them. If, at the same time, he urges further deliberation in an effort to agree upon a verdict, and in doing so his comments are balanced and not slanted toward conviction, we are unable to perceive harm to the defendant.
 
 
 14
 Here Judge Hawkins did nothing but repeat a portion of his instructions and direct further deliberations. In so doing he did not commit error. The judgment is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The case was submitted to the jury against appellant and a codefendant
 
 
 [2]
 Allen v. United States, 164 U.S. 492 (1896)
 
 
 [3]
 The note from the jury read:
 We have a juror that stated: 'the judge will get all over those that vote not guilty.'
 This juror has cursed, made slanderous remarks along with another juror throwing chewings [sic] gum. These two jurors are sister-in-law [sic] and want to go home.
 The vote is 10 guilty & 2 not guilty.
 It is a solid-vote and no one will give.