Lauren **YOUNG**, Petitioner—Appellant,

v.

William **DUNCAN**, Warden,
Respondent—Appellee.

No. 04–55164.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided June 16, 2005.

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, for Petitioner–Appellant.

David A. Wildman, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

Lauren Young, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Young argues that the trial court's dismissal of Juror 9 violated his Sixth Amendment right to a fair and impartial jury. We review de novo the district court's decision to deny a 28 U.S.C. § 2254 habeas petition. *Himes v. Thompson,* 336 F.3d 848, 852 (9th Cir.2003). Because Young's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA"), AEDPA governs Young's petition. *Delgado v. Lewis,* 223 F.3d 976, 979 (9th Cir. 2000).

Under AEDPA, "state court findings of fact are presumed correct unless rebutted by clear and convincing evidence" or "based on an unreasonable evidentiary foundation." 28 U.S.C. § 2254(e)(1); *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003). AEDPA requires this court to "defer to the state court's determination of the federal issues unless that determination is 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Himes,* 336 F.3d at 852 (quoting *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court decision is "contrary to" federal law if it "(1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result." *Ramirez v. Castro,* 365 F.3d 755, 762 (9th Cir.2004). A state court decision involves an "unreasonable application" of federal law "if it correctly identifies the governing rule but unreasonably applies it to a new set of facts or fails to extend a clearly established legal principle to a new context in a way that is unreasonable." *Himes,* 336 F.3d at 852 (citations omitted). We review the California Court of Appeal's determination of the federal issues on direct appeal because it is the last reasoned deci-

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion in this case. *See Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

We have held in a habeas case that a trial judge's knowing dismissal of the sole holdout for acquittal did not violate the Sixth Amendment when the record reflected the discharged juror's "inability to continue performing the essential function of a juror—deliberation." *Perez v. Marshall,* 119 F.3d 1422, 1427 (9th Cir.1997). Further, on habeas review, "a trial court's findings regarding juror fitness are entitled to special deference." *Id.* at 1426. The record supports the trial court's finding that Juror 9 was unable to follow the court's instruction to disregard penalty in reaching a verdict. Juror 9 was evasive when asked about her ability to put the penalty out of her mind and to consider only the evidence in the case, and two other jurors stated that Juror 9 changed her verdict from guilty to not guilty after learning from the verdict form that the charged crime was a felony. Our decision in *Sanders v. Lamarque,* 357 F.3d 943 (9th Cir.2004), does not compel a contrary conclusion. In *Sanders,* unlike this case, the trial court's basis for removing a holdout juror—untruthfulness during voir dire— was an "objectively unreasonable determination of the relevant facts." *Id.* at 948.

The state court's decision is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. By dismissing Juror 9 after finding that she was unable to follow instructions, the trial court did not violate Young's right to a jury composed of *"jurors* who will conscientiously apply the law and find the facts." *Lockhart v. McCree,* 476 U.S. 162, 178, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). The Supreme Court has held that a trial court's inquiry into the numerical division of a deadlocked jury is inherently coercive and deprives a defendant of his right to a fair trial. *See Brasfield v. United States,* 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345 (1926); *see also Burton v. United States,* 196 U.S. 283, 307–08, 25 S.Ct. 243, 49 L.Ed. 482 (1905). However, the Supreme Court has not held that a trial court's knowing discharge of a holdout juror who is unable to follow instructions violates the Sixth Amendment when the trial judge inadvertently acquires his knowledge of the jury's numerical division.

AFFIRMED.