**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE OCASIO, | No. 09-17467 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00011-GEB-DAD |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted January 17, 2013[**]
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Ocasio appeals from the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and

we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The California Court of Appeal's affirmance of the trial court's finding that the jury had reached a verdict was not unreasonable because: (1) the jury had reported, both orally and in writing, that it had reached a verdict; and (2) the jury described the ambiguity or contradiction in the verdict forms as a "clerical error." *See Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). It follows that the trial judge did not violate any prohibition against polling the jury before a verdict has been reached. *See United States v. McCaleb*, 552 F.3d 1053, 1057-58 (9th Cir. 2009), *citing Brasfield v. United States*, 272 U.S. 448, 449-50 (1926).

Nor has Ocasio shown that the California Court of Appeal's decision was contrary to or an unreasonable application of the general rule, applied in *Lowenfield v. Phelps*, 484 U.S. 231, 237, 241 (1988), that coerciveness is determined by considering the totality of the circumstances. Ocasio has not shown that the state court failed to consider the relevant circumstances, especially in light of the significant leeway we give to state courts applying such general principles. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

**AFFIRMED.**

2