

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-23-00336-CR

CHARLES JOVAN WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas[1]
Trial Court No. 2017-2066-C1, Honorable Thomas C. West, Presiding

May 23, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Charles Jovan Williams, appeals his convictions on two counts of indecency with a child by contact and resulting sentences of eighteen and two years' incarceration.[2] Appellant contends that the trial court's polling of the jury as to its

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the transferor court and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] Appellant was also fined $500 as part of the sentence for each count of conviction.

numerical division during deliberations was coercive and deprived Appellant of his constitutional right to an impartial jury. We affirm the judgment of the trial court.

## BACKGROUND

As Appellant's sole issue challenges the procedure leading to his conviction, we will not discuss the facts underlying his convictions. Appellant was indicted for one count of continuous sexual abuse of a young child[3] and six counts of indecency with a child by contact.[4] Appellant pleaded not guilty to all counts of the indictment.

At the close of evidence, the case was submitted to the jury. After approximately four hours of deliberation, the jury sent a note to the trial court asking, "If we can come to an agreement on some but not all accounts [sic] is that okay?" In response, the trial court indicated that it "would like to know the vote on the non-unanimous counts." The jury responded with a numerical breakdown as to each count other than count seven, where it appeared that the jury had reached a unanimous decision. In response, the trial court instructed the jury to "Please continue your deliberations." Thirty-eight minutes later, the jury sent a note indicating that it had reached a verdict as to all counts. The jury's verdict found Appellant guilty on counts two and seven. After the presentation of punishment evidence, the jury recommended that Appellant be sentenced to eighteen years' incarceration and a $500 fine as to count two, and two years' incarceration and a $500

---

[3] *See* TEX. PENAL CODE ANN. § 21.02.

[4] *See* TEX. PENAL CODE ANN. § 21.11.

fine as to count seven. After the trial court entered judgment in accordance with the jury's verdicts, Appellant timely filed the instant appeal.

By his appeal, Appellant presents one issue. Appellant contends that the trial court's inquiry into how the jury stood numerically as to the counts upon which the jury could not agree was coercive and deprived Appellant of his constitutional right to an impartial jury. Appellant does not identify any specific Texas authority providing that a trial court's inquiry into the jury's numerical division, without more, is coercive and deprives a defendant of an impartial jury.

### LAW AND ANALYSIS

"Any criminal defendant . . . being tried by a jury is entitled to the uncoerced verdict of that body." *Lowenfield v. Phelps*, 484 U.S. 231, 241, 108 S. Ct. 546, 98 L. Ed. 2d 568 (1988). It is not inherently improper for a trial court to require a jury to continue deliberating after it indicates that it is deadlocked. *See Montoya v. State*, 810 S.W.2d 160, 166 (Tex. Crim. App. 1989) (en banc). However, a claim of jury coercion can arise when a trial court attempts to encourage a deadlocked jury to reach a verdict. *Barnett v. State*, 161 S.W.3d 128, 133 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006).

The Supreme Court of the United States has indicated that the mere inquiry by the trial court into the numerical division is error per se. *Brasfield v. United States*, 272 U.S. 448, 450, 47 S. Ct. 135, 71 L. Ed. 345 (1926). But the Supreme Court has subsequently noted that its decision was not based on any constitutional provision, but was an exercise of its supervisory powers, and need not be followed by state courts. *Lowenfield*, 484 U.S.

3

at 239–40 & n.3.  Texas courts have held that a mere inquiry into a jury's numerical division is not reversible error per se.  *See Howard v. State*, 941 S.W.2d 102, 124 (Tex. Crim. App. 1996) (en banc); *Melancon v. State*, 66 S.W.3d 375, 384–85 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd) (op. on en banc reh'g); *Chairs v. State*, 878 S.W.2d 250, 252 (Tex. App.—Corpus Christi-Edinburg 1994, no pet.); *Odom v. State*, 682 S.W.2d 445, 448 (Tex. App.—Fort Worth 1984, pet. ref'd).  While not per se erroneous, it is possible that an inquiry into the numerical division will have an improper coercive effect on the jury.  *See Hollies v. State*, 967 S.W.2d 516, 521–22 (Tex. App.—Fort Worth 1998, pet. ref'd) (per curiam) (combination of supplemental instructions and jury polling might result in constitutional violation).  However, the determination of whether jury polling or supplemental instructions will have an improper coercive effect on the jury must be decided based on the facts and circumstances present in each case.  *Id.*

In the present case, upon notification that the jury was deadlocked on certain counts, the trial court inquired as to the numerical divide amongst the jury.  *See Odom*, 682 S.W.2d at 448 (as here, appellant did not cite a single Texas case establishing that making inquiry into numerical division is reversible error per se).  It did not inquire into how many were in favor of or opposition to conviction.  *See Hollies*, 967 S.W.2d at 522 ("in a search for error of constitutional dimension, the fact that a trial court does not search out and publicly target, specifically or inferentially, specific members of the jury and by a supplemental *Allen* charge urge **them** to re-evaluate **their** views, is very important vis-à-vis coercion of a verdict" (emphasis in original)).  Its supplemental instruction simply directed the jury to continue its deliberations.  *See Ford v. State*, 14 S.W.3d 382, 395 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("A trial court's instruction to a jury to

4

continue deliberating will not be construed as coercive unless it pressures the jurors into reaching a verdict or contains additional instructions as to the law."). In this case, the trial court's inquiry into the numeric division of the jury, made without actively identifying jurors with minority viewpoints and instructing them to reexamine their perspectives, is not coercive. *Howard*, 941 S.W.2d at 124. As such, we overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.