Green, J.
delivered the opinion of the court.
This bill is filed by the Union Bank of Tennessee against the United States’ Bank of Pennsylvania and John Sommer-ville and Foster & Fogg, alleging that the Bank of the United States is indebted to the complainant in the sum of $1336 93, and that the other defendants have in their hands effects of the said Bank, sufficient to discharge said debt, praying for an attachment, &c.
The bill was taken pro confesso against the Bank, and the other *370 defendants answered, admitting they had in their hands, effects as charged; but stating, that they had received notice, that the effects of the Bank of the United States had been assigned to Trustees for the benefit of the creditors of the Bank.
1. As to the right of a Corporation, whether domestic or foreign, to sue or be sued, under the attachment laws of 1836, ch. 43, (C. & N. 106,) and 1837-8, ch. 166, (session acts, 134,) there can be no doubt. The act of 1837-8, provides, “that when any creditor shall have any demand against a debtor, and such debtor shall not reside within the State, but shall have property, debts, or other effects, within this State, or debts due him, from persons residing or being within this State, it shall be lawful,” &c.
Here the words creditor and debtor are employed in their largest sense, and were evidently intended to include all persons, natural or corporate, capable of being debtor’s or creditors.
It is not necessary, therefore, to rely on the decision of the Supreme Court of the United States, refered to (5 Cranch, 86,) where it was held, that the individual character of the corpo-rators might be looked to, and if they were citizens of a different State from that in which the suit was brought, the Federal Court would have jurisdiction.
But it is insisted, that the deed of assignment which has been made, of the effects of the Bank, is invalid, because,
1st. The agent who affixed the cdrporate seal, was not authorized to do so, by a power of attorney under seal.
2. It is not shown that there was a vote of the Board of Directors empowering the President to affix the seal to said deed.
3. The (Corporation had no power to assign away all its effects, and thereby extinguish its existence.
These questions have all been discussed and decided at the present term, in the case of Hopkins, Hull and als. vs. The Gallatin Turnpike Company. And we deem it unnecessary to repeat here, what was said in that case. See Angel & Ames on Cor. p. 114, 115, sec. 7.
In addition, however, to any reasoning of our own, or authorities from analogous cases, we refer to the case of Dana vs. The Bank of the United States and James Dundas, in which the *371 very deed, the validity of which is brought in question in this case, was before the court, and was adjudged to be válid.
Let the decree be affirmed.