**Frank KIRBY, Petitioner,**

v.

**Michael DUTTON, etc., et al., Respondents.**

**Civ. A. No. 3:86–0440.**

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 8, 1986.

Robert L. Tucker, Nashville, Tenn., for petitioner.

Kathy N. Principe and Jerry Smith, Asst. Attys. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE OF PROBABLE–CAUSE

NEESE, Senior District Judge.

In this application for the federal writ of habeas corpus on behalf of the petitioner Mr. Frank Kirby, it is claimed he is in the custody of the respondent-warden pursuant to the judgment of January 17, 1974 of the Criminal Court of Tennessee for its 13th Judicial District (encompassing White County) in violation of the Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause, and Fourteenth Amendment, § 1, Right to Due Process of Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). The respondent concedes the exhaustion by the application of his available state-remedies in *Frank Kirby*, petitioner, v. *State of Tennessee*, respondent, case no. 4830 in the Criminal Court of White County at Sparta,

Tennessee, *aff'd.* June 4, 1985 in *Frank Kirby*, appellant, v. *State of Tennessee*, appellee, C.C.A. no. 84–219–III in the Court of Criminal Appeals of Tennessee, *permis. app.den.*, September 30, 1985 by the S.Ct. of Tenn. 28 U.S.C. § 2254(b).

The respondent moved this Court for a summary judgment, Rule 56(b), F.R.Civ.P. However, there is no requirement herein for an evidentiary-hearing, Rule 8, Rules —§ 2254 Cases, and this Court will perform its statutory duty of disposing of this application as law and justice require, 28 U.S.C. § 2243.

The historical facts herein are accepted as stated by the Court of Criminal Appeals of Tennessee, *supra,* as follows:

Frank and Noel Kirby are brothers, and Noel Kirby is married to Cheryl Parks Kirby, the daughter of J.C. Parks, deceased, the victim.

In March of 1973 Noel Kirby and his wife, Cheryl Parks Kirby, were having marital difficulties. Noel had possession of Cheryl's Plymouth Duster automobile, which was parked in front of a drive-in restaurant. Noel and Frank Kirby were inside the restaurant and Cheryl was to go to the restaurant to pick up her automobile. Upon arriving at the restaurant in the company of her father, J.C. Parks, she got out of the Parks' automobile, into her own automobile, and began to back out of the restaurant parking lot. The defendant Noel Kirby started out of the restaurant to get some of his property which was in the automobile Cheryl was driving, and as he was going out Frank Kirby requested Noel to be sure he got his pistol, a .357 magnum.

Cheryl gave the defendant Noel Kirby some fishing gear, beer, and the holster and .357 magnum belonging to Frank Kirby. Noel Kirby gave the fishing gear and beer to Dean Kirby to carry and he started back toward the restaurant with Frank Kirby's .357 magnum pistol. Frank Kirby came out of the restaurant saying, "I'm going to kill him," and took his pistol from Noel Kirby and shot into the automobile in which the deceased J.C. Parks was seated. Then he walked to

the side and shot into the side of the automobile again and as a result of these shots['] being fired J.C. Parks was killed. The deceased was shot three times in the back, all of the shots ranging downward. *Frank Kirby & Noel Kirby,* plaintiffs-in-error, v. *State of Tennessee,* defendant-in-error, no. 4830 in the Court of Criminal Appeals of Tennessee, op. of May 13, 1975, pp. 1–2.

I

The Messrs. Kirby were prosecuted in one trial and their codefendant in another; all three defendants were indicted jointly and were represented by the same defense-counsel. The applicant claims that the respective differences in the respective degrees of criminal culpability as to each such defendant deprived him of his guaranteed federal right to the assistance of counsel which was effective, Constitution, Sixth Amendment, *supra.*

■ It is true that the applicant's federal right to the assistance of counsel was his right to the effective assistance of competent counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970). But, "joint representation by * * * counsel does not inherently deprive a defendant of the effective assistance of counsel," *Foxworth v. Wainright,* 516 F.2d 1072, 1076[2] (5th Cir.1975). "In order to demonstrate a violation of his Sixth Amendment rights [the petitioner] must [have] establish[ed] that an actual conflict of interest [in his lawyer's representing multiple clients] adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719[22], 64 L.Ed.2d 333 (1980).

The petitioner contends that such performance by his attorney affected adversely his defense, because "his interests deverged [sic] substantially from those of Noel Kirby's on very critical factual issues." A review of the trial-transcript reflects only a single instance in the evidence where this was a remote potentiality:

It has been found that the petitioner Mr. Frank Kirby shot and killed Mr. Parks. All three of the codefendants claimed that that shooting was in the necessary self-defense of Mr. Frank Kirby. The possible divergence of respective interests of the respective Messrs. Kirby related to the factual issue of *how* Mr. Frank Kirby obtained the murder-weapon from Mr. Noel Kirby.

■ It would have been in the best interest of Mr. Noel Kirby, under his defense of non-involvement in the crime, for the evidence to have shown that Mr. Frank Kirby grabbed the gun away from Mr. Noel Kirby and fired; whereas, it would have been in the best interest of Mr. Frank Kirby, who was pleading affirmatively self-defense, for the evidence to have shown that Mr. Noel Kirby, his brother, handed him his (Mr. Frank Kirby's) gun with which he might defend himself. It having been determined factually that Mr. Frank Kirby announced his intention to kill Mr. Parks and "took his pistol from Noel Kirby and shot," there was no material divergence in either defense resulting from the joint-representation and no conflict-of-interest in the joint-representation.

The petitioner charges his defense-counsel with ineffectiveness also by their failure to object to certain evidence admitted against him at[1] his trial. "[E]videntiary issues do not support a petition under [28 U.S.C.] § 2254 unless the introduction of such evidence violates a specific constitutional provision." *Freeman v. Mabry,* 570 F.2d 813, 814 n. 2 (8th Cir.1978), *cert. den.,* 439 U.S. 845, 99 S.Ct. 142, 58 L.Ed.2d 146 (1978), citing *Spencer v. State of Texas,* 385 U.S. 554, 568–569, 87 S.Ct. 648, 656, 17 L.Ed.2d 606 (1967).

■ In this instance, the petitioner claims a violation of the specific right guaranteed by the Constitution, Sixth Amendment, *supra.* Some of the evidence admitted without objection related to prior bad acts by the petitioner.

This type of evidence is inadmissible usually; but, in Tennessee 12 years ago

---

1. Mr. Frank Kirby lacks standing to raise the issue of defense-counsel's failure to object to

statements by Mr. Noel Kirby and other witnesses which implicated only Mr. Noel Kirby.

when the petitioner was on trial, where a defendant had testified, his credibility could be attacked by asking him questions concerning "specific acts which involve moral turpitude." *State v. Fowler*, 213 Tenn. 239, 373 S.W.2d 460, 466 (1963). The petitioner recognizes this former rule but advances the argument that other witnesses could not be asked such questions; however, the truthfulness of the petitioner, or the lack of it, could be established "with respect to particular matters by other witnesses." *Bank of Hendersonville v. Dozier*, 24 Tenn.App. 178, 142 S.W.2d 191, 200[1] (1940), *cert. den.* by S.Ct.Tenn. (1940), citing *inter alia McLarin v. State*, 4 Humph. 381, 382, 23 Tenn. 370, 371–372 (1843).

■ Another instance related to the failure of defense-counsel to introduce into evidence a report of the pertinent autopsy, including a finding medically that Mr. Parks' body contained only one bullet. Photographs were available from which it was inferrable reasonably that three bullets entered the body of the victim.

It has been found factually that an understanding was made by all counsel in the criminal trial that the photographs were not to be offered in evidence except as necessary to refute the aforementioned finding in the autopsy-report. Nonetheless, such report was introduced at the trial during cross-examination of the medical-examiner; and any failure by defense-counsel becomes immaterial to this consideration.

■ The failure of defense-counsel to prepare properly for trial is another claim of their ineffectiveness. This Court presumes correct the subsidiary finding factually in *Frank Kirby*, petitioner, v. *State of Tennessee*, respondent, *supra*, that defense-counsel were well-prepared for such trial. 28 U.S.C. § 2254(d).

■ Material to this consideration was the neglect of defense-counsel to object to the following interchange between the presiding Judge and the jury in the criminal trial involved, as follows:

\* \* \* \* \* \*

"THE COURT: 'Now, be careful what you say. Could you answer numerically, and not say anything else, eight and four, or ten and two, or nine and three? Could you give me an answer of that kind without saying anything else?'

"THE FOREMAN: 'I believe it was approximately nine to three.'

"THE COURT: 'Well, now, listen and let me ask you this question. We have had a long day, and it has been a hard day, and I don't want to punish you people, and I am not going to keep you together unless you believe a decision could by—. Let me ask you people [sic] this, and I am speaking to all of you, how many of you people believe, that are seated in the jury box, that if you could have about fifteen more minutes that you could reach a decision in this case? How many believe you could—within the next fifteen or twenty minutes? Hold up your right hand if you believe that. Now, don't say anything. All of you that believe a decision could be reached within fifteen or twenty minutes hold up your right hand.'

"THE JURY: (Indicating.)

"THE COURT: 'I count ten, I believe. How many of you believe that you could not reach a decision, to deliberate ten or fifteen more minutes? How many believe that you could not do that, hold up your hand? Did everybody hold up their hand to say they believed they could reach a decision?'

"GEN. KNOWLES [the prosecuting-attorney]: 'Your Honor, I think they did.'

"THE COURT: 'All right, let me ask a question. How many of you believe that if you had ten or fifteen more minutes to deliberate you could reach a decision in this case? Hold up your hand high where I can see it.'

"THE JUROR: 'What was the question?'

"THE COURT: 'Sir?'

"THE JUROR: 'What was the question?'

"THE COURT: 'I asked the question: how many believe that if you could have ten or fifteen more minutes to work

could reach a decision tonight on this case you are trying? All that believe that hold up your hand, now, where I can see it.'

"THE JURY: (Indicating affirmatively.)

"THE COURT: 'That is all of them. Alright, go back and deliberate, ladies and gentlemen.'

\* \* \* \* \* \*

The intermediate criminal appellate-Court of Tennessee found the foregoing colloquy noncoercive of the jury and thus free of error. *Frank Kirby,* appellant, v. *State of Tennessee,* appellee, *supra,* at p. 9. Tennessee has since declared a trial judge's making *inquiry as to the division of the jury* to be error. *Kersey v. State,* 525 S.W.2d 139, 141[1] (Tenn.1975) ("Until the jury shall have reached a verdict, no one—not even the trial judge—has any right, reason or power to question the specifics of its deliberative efforts.")

■ The making of such an inquiry *per se* has the general tendency to coerce the jury. *Brasfield v. United States,* 272 U.S. 448, 450, 47 S.Ct. 135, 136, 71 L.Ed. 345 (1926). This was a federal case in which a judgment of conviction was reversed by the Supreme Court of the United States; two federal circuit courts (by divided panels) concluded afterward that it relates to judicial administration in the federal trial courts and is not a decision of constitutional interpretation grounded in due process of law applicable to the states by reason of the Constitution, Fourteenth Amendment, *supra.* See *Ellis v. Reed,* 596 F.2d 1195, 1197–1200[2] (4th Cir.1979), *cert. den.,* 444 U.S. 973, 100 S.Ct. 468, 62 L.Ed.2d 388 (1979); *accord: Cornell v. State of Iowa,* 628 F.2d 1044, 1048[3] (8th Cir.1980).

No federal-constitutional violation appears to have occurred because of this error (rejected by the courts of Tennessee). Accordingly, the failure of defense-counsel for petitioner to object to the judicial inquiry can hardly be termed ineffective assistance of counsel. None of the preceding actions or nonactions of defense-counsel deprived the petitioner of the effective assistance of competent counsel. This Court hereby FINDS that the performance of defense-counsel was not deficient. Any errors they made were not of such a serious nature that this Court can say the petitioner was deprived of the functioning of the "counsel" guaranteed him by the federal Constitution. *Cf. Strickland v. Washington,* 466 U.S. 688, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674 (1984).

## II

The petitioner contends that the questioning of him and other witnesses by the prosecuting-attorney about his previous bad-acts constituted prosecutorial-misconduct violative of his guaranty of the due process of law, Constitution, Fourteenth Amendment, § 1, *supra.* A consideration in making this factual determination is "the strength of the competent proofs introduced to establish the guilt of the accused." *United States v. Leon,* 534 F.2d 667, 679[14] (6th Cir.1976).

No claim is presented that the petitioner Mr. Frank Kirby was not the person who killed Mr. Parks. It is claimed that the slaying was justified, because the petitioner was acting in his own necessary self-defense.

"The true rule [in Tennessee] is, that the facts on which the justification rests, must appear from all the facts and circumstances of the entire transaction, taken as a series of events, and be real, and be acted upon in good faith by the defendant." *Hill v. Alsobrook,* 51 Tenn.App. 546, 370 S.W.2d 506, 511[4] (Tenn.App.1962), *cert. den.* by S.Ct.Tenn. (1963). The petitioner testified that he acted in the good-faith apprehension that his victim would shoot him with his (the victim's) gun as the victim stood outside his vehicle. There was other testimony, however, that the victim's gun at all pertinent times was in his daughter's pocketbook, and it has been determined factually that the victim was shot as he was seated in his automobile.

This Court hereby FINDS that any misconduct by the prosecutor was not of a nature to render the petitioner's trial unfair in the federal-constitutional sense.

### III

The petitioner Mr. Frank Kirby hereby is DENIED all relief. Judgment to that effect will be entered by the clerk, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be prepared, he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which will ISSUE because of the legal issues implicated herein. *Id.*