**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLIVER ZOSA CLAVANO, <br><br> Petitioner - Appellant, <br><br> v. <br><br> TONY HEDGEPATH, Warden, <br><br> Respondent - Appellee. | No. 09-56708 <br><br> D.C. No. 5:07-cv-00275-MMM-JWJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted May 11, 2012
Pasadena, California

Before: PREGERSON and GRABER, Circuit Judges, and CHEN,[**] District Judge.

Petitioner Oliver Zosa Clavano appeals from the district court's denial of his

federal habeas petition, raising a claim that the state trial judge unconstitutionally

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

coerced the jury's verdict. Reviewing de novo, <u>Lambert v. Blodgett</u>, 393 F.3d 943, 964 (9th Cir. 2004), we affirm.

Under the deferential standard of review, 28 U.S.C. § 2254(d)(1), <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785 (2011), the district court properly denied habeas relief. The state appellate court correctly identified and applied the constitutional rule announced in <u>Lowenfield v. Phelps</u>, 484 U.S. 231, 241 (1988). Because the rule is a general one, <u>Weaver v. Thompson</u>, 197 F.3d 359, 366 (9th Cir. 1999), the state court had "more leeway" in its application, <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004). Whatever we might have decided had the case arisen on direct review, we cannot conclude that the state court's application of <u>Lowenfield</u> here was "unreasonable." 28 U.S.C. § 2254(d)(1).

When the trial judge inquired as to whether more time would assist the jury, at least two jurors gave equivocal answers. Additionally, as the trial court noted during its charge, the trial and deliberations had been "chopped up," so it was unclear whether the jury had been given a full opportunity to resolve the case. The trial court never instructed the jurors to give up their firmly held views; the court simply asked the jury to "try" for a "little while" longer to reach a verdict. Moreover, defense counsel did not object to the trial court's comments and instructions to the jury. <u>See</u> <u>Lowenfield</u>, 484 U.S. at 240 (noting that the failure of

2

defense counsel to object "indicates that the potential for coercion argued now was not apparent to one on the spot").  Finally, as the state appellate court noted, the tentative vote was 8 to 4.  Although other factors supported the opposite conclusion, the factors described above supported the state court's determination that the trial judge's charge did not violate the Constitution.  See Weaver, 197 F.3d at 366 (listing the relevant factors).

**AFFIRMED.**