**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 02 2014



| | |
|---|---|
| AMANDO ZOSA CLAVANO,<br><br>      Petitioner - Appellant,<br><br>v.<br><br>P. D. BRAZELTON, Warden,<br><br>      Respondent - Appellee. | No. 11-55288<br><br>D.C. No. 5:07-cv-00276-SVW-OP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 17, 2014
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

  Petitioner Amando Clavano ("Amando") appeals the district court's denial

of his 28 U.S.C. § 2254 habeas corpus petition. Amando was convicted of first

degree murder, along with his brother Oliver, for shooting James Townsend after

Townsend had stolen their car stereo/radio. Amando contends there was

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

unconstitutional jury coercion, a Confrontation Clause violation, and sentencing error.

The jury reported that it had been deadlocked after 13½ hours of deliberation, in three different sessions over approximately 9 days, with lengthy read backs and a six-day hiatus. The trial court sent the jury back to deliberate, but only after inquiring about the numerical division of the jury as to guilt and innocence.

This court decided Oliver's appeal in 2012. *Clavano v. Hedgepath*, 473 F. App'x 747 (9th Cir. 2012). The panel specifically noted the factors that supported the state court's ruling that there was no undue coercion, in concluding there was no unreasonable application of the Supreme Court's decision in *Lowenfield v. Phelps*, 484 U.S. 231 (1988).

In his appeal, Amando stresses the court's improper inquiry into the division of the jury as to guilt and innocence. The Supreme Court strongly disapproved of such an inquiry, but in the exercise of the Court's supervisory powers and not as a matter of constitutional doctrine, in *Brasfield v. United States*, 272 U.S. 448 (1926). As we observed in Oliver's case, we would have seen the issue differently had this situation occurred in a federal trial. *See Clavano*, 473 F. App'x at 748.

2

Given the circumstances that existed in this case, we cannot conclude that the state court was "unreasonable" in their application of *Lowenfield*.

The trial court erred in admitting, against Amando, Oliver's statements to a police detective. The error was harmless, however, in view of the strength and amount of evidence implicating Amando. Any sentencing error was also harmless.

**AFFIRMED**.