**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RAFAEL PARSADANYAN, AKA Raffi, AKA Raffo, <br><br> Defendant-Appellant. | Nos. 14-50423 <br> 15-50004 <br><br> D.C. No. <br> 2:11-cr-00072-RGK-35 <br><br> MEMORANDUM[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ARMAN SHAROPETROSIAN, AKA Dzi, AKA Horse, <br><br> Defendant-Appellant. | No. 14-50434 <br><br> D.C. No. <br> 2:11-cr-00072-RGK-4 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| UNITED STATES OF AMERICA, | Nos. 14-50516 |
| --- | --- |
| Plaintiff-Appellee, | 15-50173 |
| v. | D.C. No.<br>2:11-cr-00072-RGK-1 |
| MHER DARBINYAN, AKA Capone,<br>AKA Caps, AKA Hollywood Mike, AKA<br>Little Mike, AKA Maher, AKA Mike, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 17, 2017
Pasadena, California

Before: THOMAS, Chief Judge,[*] IKUTA, Circuit Judge, and GETTLEMAN,[***] District Judge.

Rafael Parsadanyan, Arman Sharopetrosian, and Mher Darbinyan appeal their convictions. We have jurisdiction under 28 U.S.C. § 1291.

---

[**] This case was submitted to a panel that included Judge Kozinski, who retired. Following Judge Kozinski's retirement, Chief Judge Thomas was drawn by lot to replace Judge Kozinski. Ninth Circuit General Order 3.2.h. Chief Judge Thomas has read the briefs, reviewed the record, and listened to the oral argument.

[***] The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

An *Allen* charge is impermissibly coercive when holdout jurors could interpret the charge "as directed specifically at them." *United States v. Williams*, 547 F.3d 1187, 1205 (9th Cir. 2008) (quoting *United States v. Ajiboye*, 961 F.2d 892, 894 (9th Cir. 1992)). Here, the holdout juror who sent a signed note to the district court asking to be excused could reasonably feel targeted by the district court's "'neutral form' of the *Allen* charge." *Id.* (quoting *United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002)). Although the district court could not read the signature on the note and so did not actually know the holdout juror's identity, this fact was not conveyed to the jury; therefore, it did not mitigate the *Allen* charge's coercive effect on the holdout juror. Nor are we aware of any basis for holding that the coercive effect of an *Allen* charge in this context depends on whether the holdout juror was voting for a conviction rather than an acquittal. Because the holdout juror here self-identified to the court, and the court thereafter gave an *Allen* charge, "reversal is necessary." *Williams*, 547 F.3d at 1207 (quoting *Ajiboye*, 961 F.2d at 894); *United States v. Sae-Chua*, 725 F.2d 530, 531–32 (9th Cir. 1984).

Given our decision, we need not—and do not—reach any other issues argued by the parties.

**REVERSED.**