UNITED STATES of America,
Plaintiff-Appellee,

v.

Malcolm MOORE, Defendant-Appellant.

No. 82–1004.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1982.

Decided Feb. 28, 1983.

E. Richard Walker, Asst. Federal Defender, Sacramento, Cal., for defendant-appellant.

Brian C. Leighton, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

**536**

Before WALLACE, KENNEDY, and NELSON, Circuit Judges.

KENNEDY, Circuit Judge:

This is an appeal by Malcolm Moore from a jury conviction on charges of aiding and abetting in a bank robbery. We reverse for error in the trial court's making inquiry as to the numerical division of the jury.

On May 6, 1981, Community First Bank in Bakersfield was robbed by two armed men. One of them, Cardwell, was recognized by tellers as a former customer. Cardwell pled guilty and testified against alleged accomplices Moore, Tinnin, and Brown. According to Cardwell, he and Tinnin were the two men who entered the bank, while Moore drove the getaway car. Moore, testified Cardwell, helped steal the getaway car.

Moore, Tinnin, and Brown were tried together. Brown was acquitted; Tinnin and Moore were convicted. We are concerned here only with Moore.

We reject one of Moore's arguments on appeal. He contends the trial court committed plain error in not instructing the jury to consider the testimony of alleged accomplices with special care. Failure to give an accomplice credibility instruction does require reversal "when the accomplice's testimony is 'important to the case,' i.e., it supplies the only strong evidence of guilt." *United States v. Patterson,* 648 F.2d 625, 630–31 (9th Cir.1981). We assume here that had a request been made it would have been reversible error not to give the instruction, in view of the importance of Cardwell's testimony. *Id.; Guam v. Dela Rosa,* 644 F.2d 1257, 1259–60 (9th Cir.1980); *United States v. Bernard,* 625 F.2d 854 (9th Cir.1980). No such request was made, however. "It is settled in this circuit that where an accomplice instruction is not requested, it is not plain error not to give one sua sponte." *United States v. Gere,* 662 F.2d 1291, 1295 (9th Cir.1981).

Appellant does prevail in his argument that the trial court intruded improperly into the jury's deliberations. After the jury had deliberated for an afternoon and an evening session, the trial court asked for the numerical division. The rule in this circuit is established that at least in a criminal case a court may not make such an inquiry. *Noah v. United States,* 594 F.2d 1303 (9th Cir.1979). We do not find this case distinguishable from *Noah.* In view of the court's tying its inquiry to the *Allen* charge which followed it, this would not be an appropriate case for us to suggest reconsideration of *Noah* in any event. Our holding obviates a discussion of the propriety of the *Allen* charge.

We need not reach the other contentions made by appellant.

REVERSED.