UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-30203 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00525-SI-1 |
| v. | District of Oregon, |
| | Portland |
| JORDAN ANTHONY CAMARDESE, | ORDER |
| Defendant-Appellant. | |

Before:  WALLACH,* CHRISTEN, and HURWITZ, Circuit Judges.

The memorandum disposition issued on September 12, 2024, is amended in the following respects:

- Page 4, line 7-8: change <the drugs in the Coach bag in which they were found.> to <the drugs found in the Coach bag in retaliation for his behavior after the automobile stop.>

- Page 4, line 12-14: change <did not preclude Camardese from questioning the officers generally about the confrontational nature of the arrest, asking them about the locations of the bag, or arguing the officers planted evidence in relation for his conduct.> to <did not preclude Camardese from arguing the officers planted the evidence.>

---

*       The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

- Page 4, line 16: change <because Stever was> to <because the defendant was>

- Page 4, line 17: change <his desired defense)> to <his desired defense "*in any form*")>

The amended disposition will be filed concurrent with this order.

The Petition for Panel Rehearing, Dkt. 55, is otherwise DENIED, and no further petitions for rehearing will be accepted.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JORDAN ANTHONY CAMARDESE,<br><br>Defendant-Appellant. | No.   22-30203<br><br>D.C. No. 3:20-cr-00525-SI-1<br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted August 23, 2024
Portland, Oregon

Before:  WALLACH,[**] CHRISTEN, and HURWITZ, Circuit Judges.

Jordan Camardese appeals his convictions for being a felon in possession of

a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); being a felon

in possession of a firearm, 18 U.S.C. § 922(g)(1); possession with the intent to

distribute fentanyl, 21 U.S.C. § 841(b)(1)(B); and possession with the intent to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

distribute heroin, 21 U.S.C. § 841(b)(1)(C). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The district court did not err in denying a motion to suppress the drugs seized from a vehicle in which Camardese was a passenger. Camardese does not contest that the police had probable cause to stop the vehicle and arrest him for menacing. Nor does he contest that an initial search of the vehicle during the stop, which revealed a firearm in the glove compartment, was legal. *See United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985) ("[T]he existence of probable cause alone justifies a warrantless search or seizure of a vehicle lawfully parked in a public place."); *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) ("Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime.").

Camardese contends however, that once the police found the firearm, they no longer had probable cause to search the vehicle for other evidence of a crime. We reject that argument. Discovery of the firearm did not dissipate probable cause to believe that the vehicle contained evidence of a crime. The police were not required to assume that the firearm seized was the one Camardese displayed, let alone that the vehicle would not contain other relevant evidence, such as ammunition or documents establishing ownership of the seized firearm. The fact that some evidence

2

of a crime was seized did not vitiate the ability of the police under the circumstances of this case to continue searching for further evidence.

a. Camardese argues that the automobile exception does not apply to the search of the car, or the Coach bag inside the car, because the police had the vehicle towed from the scene of the stop with the intent to search it more completely, when the drugs were uncovered. But the police could legally have searched the vehicle more fully at the scene, and the authority to conduct a warrantless search under the automobile exception does "not evanesce simply because the officers decided to impound the car and search it later." *United States v. Henderson*, 241 F.3d 638, 649 (9th Cir. 2000); *see also United States v. Noster*, 590 F.3d 624, 634 (9th Cir. 2009) ("[T]here is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure.") (quoting *United States v. Johns*, 469 U.S. 478, 484 (1985)).

b. Camardese also argues that even if the seizure of the car was legal under the automobile exception, the four-day delay between the seizure and search rendered the seizure unreasonable. We disagree. The vehicle was seized on a Thursday. On the following Monday, officers obtained and executed a search warrant of the vehicle. This delay "was not unreasonable under the circumstances." *United States v. Hernandez*, 313 F.3d 1206, 1213 (9th Cir. 2002); *see also United States v. Sullivan*, 797 F.3d 623, 632–35 (9th Cir. 2015) (concluding a 21-day delay

3

in obtaining a warrant to search a laptop seized in a parole search was reasonable); *United States v. Albers*, 136 F.3d 670, 674 (9th Cir. 1998) (concluding a 7- to 10-day delay in viewing seized videotapes was reasonable).

2. The district court did not deny Camardese the right to present a complete defense nor abuse its discretion under the Federal Rules of Evidence by excluding from evidence body camera footage of Camardese's arrest. Camardese proffered the entire body camera footage to support his claim that police planted the drugs found in the Coach bag in retaliation for his behavior after the automobile stop. But the court allowed introduction of the portions of the footage depicting the bag, which showed that the bag was moved at some point from the front seat of the vehicle to its roof. None of the excluded footage showed the officers handling the bag, and the district court did not preclude Camardese from arguing the officers planted the evidence. *Cf. United States v. Stever*, 603 F.3d 747, 755–57 (9th Cir. 2010) (finding the exclusion of evidence denied "a meaningful opportunity to present a complete defense" because the defendant was entirely precluded from offering his desired defense "*in any form*") (cleaned up). And, the court was reasonably concerned that allowing more evidence about the nature of the arrest, even assuming its relevance, carried with it a danger of unfair prejudice to both parties and confusion of the issues. *See* Fed. R. Evid. 403.

3. The district court did not plainly err in its jury instruction about the dual

role of a testifying police officer. The instruction appropriately distinguished between percipient and expert testimony, and the prosecution expressly bifurcated the witness's testimony "into percipient and expert phases." *United States v. Holguin*, 51 F.4th 841, 862 (9th Cir. 2022).

4. Nor did the district court err in allowing the government to elicit testimony about Camardese's prior possession and sale of narcotics. This "other act" evidence was admissible under Federal Rule of Evidence 404(b) to rebut Camardese's claim that the drugs in the Coach bag did not belong to him. *See United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982) ("[E]vidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics."). The limiting instruction about the use of this evidence accurately stated the law and was not materially different from Camardese's proposed instruction. *See United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir. 1984).

5. The district court did not plainly err in failing to sua sponte give a cooperating witness instruction. *See United States v. Moore*, 700 F.2d 535, 536 (9th Cir. 1983) ("[W]here an accomplice instruction is not requested, it is not plain error not to give one sua sponte.") (cleaned up).

**AFFIRMED.**

5